FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 10, 2018

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| YOLANDA F.,<br>        Plaintiff,<br>vs.<br>COMMISSIONER OF SOCIAL SECURITY,<br>        Defendant. | No. 2:17-cv-00298-MKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 17, 18 |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 17, 18. The parties consented to proceed before a magistrate judge. ECF No. 9. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's Motion, ECF No. 17, and grants Defendant's Motion, ECF No. 18.

ORDER - 1

# JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner

considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c); 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c); 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the

ORDER - 5

Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On March 31, 2014, Plaintiff filed applications for Title II disability insurance benefits and Title XVI supplemental security income benefits, alleging an onset date of March 1, 2012. Tr. 220-28. The applications were denied initially, Tr. 134-40, and on reconsideration, Tr. 143-46. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on February 23, 2016. Tr. 48-89. On March 25, 2016, the ALJ denied Plaintiff's claims. Tr. 23-47.

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 1, 2012, the alleged onset date. Tr. 31. At step two, the ALJ found Plaintiff has the following severe

impairments: persistent daily headaches, lumbar degenerative disc disease, undifferentiated connective tissue disease, chronic pain syndrome, and morbid obesity. *Id.* At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or equals the severity of a listed impairment. Tr. 34. The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [S]he can stand and/or walk only four hours total in an eight-hour workday; she can sit unrestricted, except she requires a sit/stand option, whereby she can sit one hour at a time, followed by two to three minutes of standing and stretching; she can frequently use foot controls; she can never climb ladders, ropes, or scaffolds, or kneel, or crawl; she can only occasionally perform other postural activities; she can tolerate only occasional exposure to extreme heat, vibration, and pulmonary irritants; she can have no exposure to extreme cold or hazards, such as unprotected heights and moving mechanical parts; she can have no sun exposure; she will likely be absent from work about nine workdays per year.

Tr. 35.

At step four, the ALJ found Plaintiff is unable to perform any past relevant work. Tr. 40. At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as small parts assembler, mail room clerk, and office helper. Tr. 41-42. The ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from March 1, 2012 through March 25, 2016, the date of the ALJ's decision. Tr. 42. On July 10, 2017, the Appeals Council denied review of the ALJ's decision, Tr. 1-

ORDER - 7

9, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the Commissioner's decision is supported by substantial evidence.

ECF No. 17 at 4.

## DISCUSSION

**A. Plaintiff's Symptom Complaints**

In formulating the RFC, Plaintiff contends the ALJ should have given more weight to the Plaintiff's subjective symptom testimony regarding the impact of her headaches on her functioning. ECF No. 17 at 7-10. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show

that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the

ORDER - 9

claimant's testimony or between her testimony and her conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

The ALJ found that Plaintiff's allegations were only partially credible. Tr. 39. First, the ALJ found that Plaintiff's allegations were inconsistent with her activities of daily living. Tr. 39-40. A claimant's reported daily activities can form the basis for an adverse credibility determination if they consist of activities that contradict the claimant's "other testimony" or if those activities are transferable to a work setting. *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Plaintiff argues that the ALJ's characterization of Plaintiff's daily activities, as reported in Plaintiff's function report, does not adequately capture Plaintiff's daily activities as actually performed. ECF No. 17 at 6-9. However, the Court may not reverse the ALJ's decision based on Plaintiff's disagreement with the ALJ's interpretation of the record. *See Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008) ("[W]hen the evidence is susceptible to more than one rational interpretation" the court will not reverse the ALJ's decision). The ALJ reasonably concluded that Plaintiff's self-reported daily activities were inconsistent with the level of impairment she alleged. Tr. 39-40.

Second, the ALJ found Plaintiff's allegations were less credible because she stopped working for reasons unrelated to her impairments. Tr. 40. An ALJ may consider that a claimant stopped working for reasons unrelated to the allegedly disabling condition in making a credibility determination. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). Plaintiff argues that the ALJ's finding is not persuasive because Plaintiff stopped working one year before her alleged onset date. ECF No. 17 at 9-10. However, the ALJ reasonably concluded that Plaintiff's work ended for reasons other than her impairments, even if during a period before her alleged onset date, undermined Plaintiff's allegation that she was presently unable to work due to her impairments. Tr. 40.

Third, the ALJ found Plaintiff's allegations were inconsistent with her record of positive responses to treatment. Tr. 40. The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Plaintiff argues that this finding was not supported because Plaintiff's improvement was temporary. ECF No. 17 at 6. However, the Court may not reverse the ALJ's decision based on Plaintiff's disagreement with the ALJ's interpretation of the record. *See Tommasetti*, 533 F.3d at 1038. Here, the ALJ reasonably concluded based on the longitudinal

ORDER - 11

medical evidence and Dr. Jahnke's testimony that Plaintiff generally showed a positive response to treatment interventions. Tr. 36-39.

Fourth, the ALJ found that Plaintiff's allegations were inconsistent with her treatment record of noninvasive procedures. Tr. 40. Evidence of "conservative treatment" is sufficient to discount a claimant's testimony regarding the severity of an impairment. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). Plaintiff fails to challenge this finding; therefore, challenge to these findings is waived. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (determining Court may decline to address on the merits issues not argued with specificity); *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief).

Finally, the ALJ found Plaintiff's allegations were inconsistent with the medical evidence, which the ALJ found showed Plaintiff's impairments were not debilitating to the point that they would preclude work. Tr. 40; *see* Tr. 36-38. Minimal objective evidence is a factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Plaintiff identifies medical evidence that Plaintiff characterizes as inconsistent with the ALJ's conclusions. ECF No. 17 at 10-12. However, the Court may not reverse the ALJ's decision based on

Plaintiff's disagreement with the ALJ's interpretation of the record. *See Tommasetti*, 533 F.3d at 1038. The ALJ reasonably concluded that Plaintiff's symptom allegations were inconsistent with the medical evidence. Tr. 36-38, 40.

Here, the ALJ found Plaintiff's symptom testimony only partially credible, which finding is supported by substantial evidence. Accordingly, the ALJ reasonably declined to rely on Plaintiff's symptom testimony in formulating the RFC.

**B. Medical Opinion Evidence**

In challenging the RFC, Plaintiff asserts the ALJ erred in relying on the testimony of Dr. Jahnke, the medical expert. ECF No. 17 at 5-6, 11. There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id*. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31).

Although an ALJ must provide specific and legitimate reasons to reject contradicted medical opinion evidence, the same standard does not apply when the ALJ credits opinion evidence. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995); *Bayliss*, 427 F.3d at 1216. Furthermore, the opinion of a non-examining expert "may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Although not required to provide specific and legitimate reasons to credit a medical opinion, here the ALJ listed several reasons for crediting Dr. Jahnke's opinion. First, the ALJ noted Dr. Jahnke reviewed the longitudinal medical evidence. Tr. 38. The extent to which a medical source is "familiar with

ORDER - 14

the other information in [the claimant's] case record" is relevant in assessing the weight of that source's medical opinion. *See* 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6). Second, the ALJ found Dr. Jahnke's opinion was well explained. Tr. 38. The Social Security regulations "give more weight to opinions that are explained than to those that are not." *Holohan*, 246 F.3d at 1202. Third, the ALJ noted Dr. Jahnke was familiar with Social Security program requirements. Tr. 38. The ALJ may consider a medical provider's familiarity with "disability programs and their evidentiary requirements" when evaluating a medical opinion. *Orn*, 495 F.3d at 631. Finally, the ALJ found Dr. Jahnke's opinion was consistent with the medical evidence. Tr. 39. An ALJ may choose to give more weight to an opinion that is more consistent with the evidence in the record. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion"). Although Plaintiff asserts the ALJ erred in giving Dr. Jahnke's opinion great weight, Plaintiff fails to challenge the ALJ's findings regarding Dr. Jahnke's opinion. ECF No. 17 at 5-6, 11. Accordingly, challenge to Dr. Jahnke's opinion is waived. *See Carmickle*, 533 F.3d at 1161 n.2; *Kim*, 154 F.3d at 1000.

      Plaintiff argues generally that substantial evidence in the record does not support the ALJ's RFC formulation. ECF No. 17 at 4-13. Plaintiff invites this Court to re-weigh the evidence of record. The Court may not reverse the ALJ's

ORDER - 15

1 decision based on Plaintiff's disagreement with the ALJ's interpretation of the

2 record. *See Tommasetti*, 533 F.3d at 1038 ("[W]hen the evidence is susceptible to

3 more than one rational interpretation" the court will not reverse the ALJ's

4 decision).

5 Additionally, Plaintiff challenges the ALJ's finding that Plaintiff would be

6 absent from work nine days per year. ECF No. 17 at 12-13. However, Plaintiff

7 fails to assert how such finding was harmful to the disability analysis. Plaintiff

8 appears to contend that the ALJ should have found that Plaintiff needed to take

9 two-hour breaks from work twice a week, a limitation based on Plaintiff's

10 testimony, which limitation and testimony the ALJ rejected. ECF No. 17 at 13; *see*

11 Tr. 35. Plaintiff identifies no credited evidence of a limitation that was not

12 incorporated in the ALJ's RFC formulation. ECF No. 17 at 4-14. Accordingly,

13 Plaintiff has not established harmful legal error in the ALJ's RFC formulation.

14 **C. Step Five**

15 Finally, Plaintiff challenges the ALJ's finding that the jobs the ALJ found

16 Plaintiff can perform exist in significant numbers in the national economy. ECF

17 No. 17 at 14. At step five of the sequential evaluation analysis, the burden shifts to

18 the Commissioner to establish that (1) the claimant is capable of performing other

19 work; and (2) such work "exists in significant numbers in the national economy."

20 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran*, 700 F.3d at 389. Here, the

vocational expert testified that Plaintiff's education and language fluency eroded the national job availability so that the adjusted job availability numbers were as follows: (1) small parts assembler: 206,600 jobs available; (2) mailroom clerk: 15,240 jobs available; and (3) office helper: 7,410 jobs available. Tr. 83-87. The Commissioner sufficiently established that these jobs exist in significant numbers in the national economy. *See Guitierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29 (9th Cir. 2014) (finding 25,000 in the national economy to be a sufficiently significant number). The ALJ's step five finding is free from harmful legal error.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 17, is DENIED.

2. Defendant's Motion for Summary Judgment, ECF No. 18, is GRANTED.

3. The Court enter JUDGMENT in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and CLOSE THE FILE.

DATED September 10, 2018.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 17